Edwards, Ch. J.
delivered the written opinion of the court. After overruling the assignment of error relating to the judgment, and stating the irregularities complained of in the other assignments, it proceeded:
No attempt has been made to correct this irregularity, .by an application to the court below, by motion, or writ qf error, cora»! vobis ; so that before we can consider the effect of the irregularity, it must be considered whether this court, as an appellate tribunal, has jurisdiction.
In support of the affirmative, Adair, &c. vs. Agen, decided in 1806, and several cases' previous thereto, have been cited, in which this court entertained jurisdiction for the correction of irregularities or errors in executions, replevy, and forthcoming bonds.
As to the two latter, it will be unnecessary now to give any positive opinion; butwe incline strongly against the jurisdiction of this court, in cases where no application has been made to the court below to correct the error in the replevy and forthcoming bonds. The question is certainly silenced by the acts of 1802 and 1803, *308 mall cases arising subsequent thereto (a). The que⅞-ti°n's now only, whether this court can legally entertain jurisdiction for the correction' of error, or irregularity *n an execution, in the first instance ?
This depends upon the constitutional powers of this court, as given by the constitution itself, and the ¿cts 0f assembly, made in pursuance thereof; together with tíie nature of the jurisdiction demanded to be exercised. The constitution of this state, Art. 4th, § 2d, declares,that “The court of appeals, except in cases otherwise directed by this constitution, shall have appellate jurisdiction only and this is not one of the cases excepted.
The act of assembly establishing the court of appeals, and the acts amendatory thereof; as well as the several' acts regulating appeals and writs of error ; pursuing the spirit of the constitution, provides for the exercise of appellate jurisdiction.
The question then is, would this be the exercise of appellate jurisdiction ? Appellate jurisdiction, ex vi ter-■raini, implies a resort from an inferior tribunal of justice, to a superior, for the purpose of revising the judgments of the inferior tribunal. This, it is believed, is the sense in which the expressions Rave at all times been used by legal writers. This must be the sense in which they are used in the constitution, and in this sense they have been understood by the legislature ; who, in their several acts upon the subject of appeals and writs of error, invariably speak of them, as the means of revising tht judgments and decrees of the inferior courts ; not as the means of correcting the acts of the ministerial officers of those courts. An appellate court is contrasted with an inferior court, not with the ministerial officers thereof.
If this court, in the first instance, entertains jurisdiction, it will be the exercise of an original concurrent jurisdiction with the inferior court.
The inferior courts have proper original jurisdiction over the subject- The power of correcting the'ministerial acts of its own officers, necessarily and incidentally belong to every court; and has been always exercised'; as well before as since the formation of the present con-' stitution.
If, then, the inferior court had jurisdiction, and. was *309 eompetent to correct the irregularity in the execution complained of, on an application there made for that purpose ; the complaint should have been first made to that tribunal; otherwise we will exercise a jurisdiction concurrent only with the inferior court. It would, toa, be the exercise of original jurisdiction.
Cofts not given under Ipe-cial circumftan-ces.
May 17th.
Every exercise of jurisdiction is original, where thft complaint is heard hy that tribunal in the first instance, before any other tribunal is resorted to. If the jurisdiction here contended for by the plaintiff in error, be the exercise of appellate jurisdiction, it may be asked, from what is the appeal ? It cannot be from the judgment of the inferior court, because it has never been applied to for redress. It cannot be tolerated as an appeal from the clerk of that court, because he is an officer wholly ministerial, not judicial. The thing complained of here, is not the judgment of the court, but the subsequent process, issued by the clerk, for carrying the judgment into effect.
Upon the whole, we are clearly of opinion, that asno application has been made to the court below, to correct any irregularities or errors, alleged to be in the executions, or indorsements thereon, we have not jurisdiction, and cannot adjudicate further upon the latter assignment of error.
The principles of this opinion are recognized by the court of appeals of Virginia, in the case of Leftwitch and wife vs. Strovall, 1 Wash. 303 (a).
We have taken this lengthy view of the subject, on account of the number of cases cited ; in which we apprehend the difference between original and appellate jurisdiction, has not been duly considered ; and whatever inconvenience may happen to individuals, we cannot persuade ourselves to exercise a jurisdiction which is not given to us by law; but which we believe to be in violation of the constitution, which we are sworn to support.-judgment affirmed.
Judge Trimble, on a subsequent day of the court,* mentioned that the court had considered the situation of the causes embraced by the principles of the decision %bove ; that where the only error complained of, was in the proceedings subsequent to the judgment below, they would hear motions to dismiss them, they not having *310 j urisdiction to Rear the cause; and as it was an did prac-. tice, and an error of the court, not of the parties, they would not award costs.
This was accordingly done, in the case of Hamilton w. JM’Coun, &?c.

180Y °f § 1,^173-áíts of 1803, ch. a8, p. 35,

 Alfo ⅛ Burivell‘vs Ait. detjon, 2 Waih. >94-

 The CüiysF Justice was indifpafed.